**Martin HERRERA–BENITEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–70921.**
**INS No. A77–075–303.**

United States Court of Appeals, Ninth Circuit.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted March 6, 2003.*

Decided March 10, 2003.

Before T.G. NELSON, SILVERMAN, and McKEOWN, Circuit Judges.

MEMORANDUM**

Martin Herrera–Benitez petitions for review of a final order of removal by the Board of Immigration Appeals issued on March 27, 2002. Herrera–Benitez argues that the Board should have granted a hearing on his request for cancellation of removal because he is statutorily eligible for such relief, having established, among other things, ten years of continuous physical presence in the United States as required by 8 U.S.C. § 1229b(b)(1)(A).

We decline to consider whether, as Herrera–Benitez contends, the lack of date, time, and place of hearing rendered the Notice to Appear defective and thus did not stop the accrual of the period of physical presence. The record shows that Herrera–Benitez first appeared before the Immigration Judge for the start of remov-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

al proceedings well before the date when he could have met the ten-year requirement. The commencement of removal proceedings stopped the accrual of the period of physical presence. *Ram v. INS*, 243 F.3d 510, 518 (9th Cir.2001) ("Congress did not intend for aliens to circumvent the stop-time rule by accruing the requisite years of continuous physical presence in the United States after deportation proceedings commence.").

■ Herrera–Benitez also argues that the BIA violated his due process rights by failing to hold a hearing before depriving him of the right to raise his own children. Because Herrera–Benitez did not raise this claim before the Immigration Judge or the Board, we lack jurisdiction to consider it. *Ochave v. INS*, 254 F.3d 859, 867 (9th Cir.2001). Nonetheless, we note that Herrera–Benitez does not offer any evidence of prejudice, that "the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). Herrera–Benitez admitted to the Immigration Judge that he could not establish physical presence in the United States for ten years before the commencement of proceedings.

**PETITION DENIED.**